## Bates Estate

*Julian W. Barnard,* for accountant.

*Smith, Cahill & Aker,* for claimant.

TAXIS, P. J., November 15, 1956.—The account shows a balance for distribution of $860.22 composed of cash.

In the petition for adjudication the accountant states that "there is no one in a position to claim a widow's or children's exemption, and no such claim has been made." At the audit, however, Elizabeth Whitton, a daughter of decedent, appeared through counsel and made claim for the family exemption.

Charles F. Bates, decedent, died testate on December 26, 1955. His wife predeceased him and he was survived by an only child, Mrs. Elizabeth Whitton, claimant, Jean Sowden, a sister, and by two children of a deceased sister, Elizabeth B. Kershner, who predeceased testator on August 26, 1955.

Decedent's will was dated February 21, 1955, and, after a direction to pay debts and funeral expenses, gave one-half of the residue to his sister, Elizabeth B. Kershner, and the other half of residue to his other sister, Jean B. Sowden. No mention is made in the will of testator's only child and daughter, Elizabeth Whitton.

At the audit, Elizabeth Whitton presented two claims: (1) For the family exemption under section 211 of the Fiduciaries Act of April 18, 1949, P. L. 512, and (2) to a portion of the remainder pursuant to section 14(8) of the Wills Act of April 24, 1947, P. L. 89, by virtue of the alleged lapse of the legacy to Elizabeth B. Kershner who predeceased testator.

Mrs. Whitton and her husband own and maintain their home on Dickerson Road, North Wales, R. D. 1, where they are residing and have resided for some time. It is undisputed that a few months, at most, prior to his death, testator went to live in the home of his daughter, Mrs. Whitton, and was residing there at the time of his death.

The question arises whether decedent's daughter, with whom decedent had made his home at the time of his death, is entitled to the family exemption.

Section 211 provides that the family exemption shall be awarded, in the absence of the surviving spouse, to "such children as form a part of the decedent's household." *

The comments of the Joint State Government Commission to section 211 provide, in parts pertinent, that: "It is provided expressly that the children must form a part of decedent's household rather than a 'part of the family.' . . . The determining feature under case law is whether they are a part of the household and therefore this word has been used."

Some courts have taken the view that the change in the language from "part of the family" to "household" indicated an intention to require that claimant must have resided in decedent's household, that: "This cannot mean such children in whose household decedent resided: Rossi Estate, 69 D. & C. 190": Ricciardi Estate, 1 D. & C. 2d 394, 396.

Other courts have construed this phrase to mean that: "Claimant's right to the exemption is based on the existence of the family relationship in claimant's residence with decedent in a single dwelling at the time of her death. This right is not dependent upon who is the provider, owner or lessee of the premises occupied or who is the dominant factor in the domestic establishment. In our view it is sufficient if child

---

* Section 211 of the Fiduciaries Act of 1949 was amended, effective February 23, 1956, P. L. (1955) 1804, to provide that "such children as are members of the same household as the decedent" may claim the exemption. Comments of the Joint State Government Commission on this amendment provide: "This section is amended to make it clear that a child living in the same household as the decedent was entitled to the exemption, regardless of who may be technically head of the household."

claimant and decedent lived together within one dwelling as members of a domestic unit and as part of the same household": Niedzielski Estate, 4 D. & C. 2d 290.

Niedzielski Estate, supra, pronounces the rule which to me is more consonant with the true nature of the family exemption and with the meaning to be ascribed to the word "household" as employed in section 211. Cf. Mogan Estate, 5 D. & C. 2d 376; Cullison Estate, 87 D. & C. 516; Desimone Estate, 4 D. & C. 2d 601; Bower Estate, 4 Fid. Rep. 660; Fid. Rev., August, 1954. Mrs. Whitton is entitled to the family exemption of $750, and it is hereby awarded. . . .

The remaining one-half of residue requires a determination of who takes this gift by reason of Elizabeth B. Kershner predeceasing testator, leaving two children here surviving.

Section 14(10) of the Wills Act of April 24, 1947, P. L. 89, provides that: "When a devise or bequest as described in clause (9) hereof shall be included in a residuary clause of the will and shall not be available to the issue of the devisee or legatee under the provisions of clause (8) hereof, and if the disposition shall not be otherwise expressly provided for by law, it shall pass to the other residuary devisees or legatees, if any there be, in proportion to their respective shares or interests in the residue."

Section 14(8) of the Wills Act of 1947, which is pertinent here provides that: "A devise or bequest to . . . [testator's] . . . sister . . . shall not lapse if the beneficiary shall fail to survive the testator and shall leave issue surviving the testator but shall pass to such surviving issue who shall take per stirpes . . . ; Provided, That such a devise or a bequest to a . . . sister . . . shall lapse to the extent to which it will pass to the testator's . . . issue as a part of the residuary estate or under the intestate laws."

It would appear that the share of residue should be

distributed to the surviving children of Elizabeth B. Kershner pursuant to section 14(8) of the Wills Act of 1947, except "to the extent to which it will pass to the testator's . . . issue as a part of the residuary estate or under the intestate laws."

Counsel for Mrs. Whitton concede that she will not acquire any of the residuary gift by virtue of the residuary clause, for the reason that Mrs. Whitton is not mentioned in the will. Therefore, if Mrs. Whitton is entitled to the property in question it must be "under the intestate law" as that phrase is employed in the proviso clause of section 14(8). However, there is no intestacy as to any part of decedent's estate, for where, as here, the will contains a residuary clause, it disposes of every interest that testator possessed unless partial intestacy results, in fact.

Had testator died intestate as to part of his estate or had there been no residuary clause, a different result might obtain. But, since we have neither of these situations, the children of Mrs. Kershner take their parent's share pursuant to the clear terms of section 14(8). Where, as here, the circumstances fit section 14(8), there would appear no reason to consider sections 14(9) and 14(10).

Counsel for Mrs. Whitton argue that "under the intestate laws it is clear that testator's sole surviving daughter would be entitled to the whole of any property passing or considered as passing by intestacy: Intestate Act of 1947, sec. 3(1). Therefore, if the intestate taker's test of section 14(8) is applicable to our case, then Elizabeth Whitton would be entitled to the whole of that one-half of the residue originally designated for the predeceased sister. The answer to this argument is that there is, in fact, no intestacy in the instant case. "Under the intestate laws," in the proviso to section 14(8), comes into play only when there is no residuary clause or when the lapsed share

in question was that of the sole residuary legatee. Cf. Mohl's Estate, 5 Schuyl. 180; Bregy Wills Act, sec. 14(8), pp. 3267, 3268; contra: Spangler's Estate, 31 Berks 258.

I conclude, therefore, that the children of Elizabeth B. Kershner are entitled to the one-half of the balance for distribution and it is so awarded. . . .

And now, November 15, 1956, this adjudication is confirmed nisi.